In re WELSH et al.

(Circuit Court, E. D. Pennsylvania. March 26, 1908.)

1. ALIENS—NATURALIZATION—VOUCHERS—COMPETENCY.

Naturalization Act June 29, 1906, c. 3592, § 4, subd. 2, par. 3, 34 Stat. 597 [U. S. Comp. St. Supp. 1907, p. 421], provides that the petition shall be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least a year immediately preceding the date of the filing of the petition. *Held*, that a voucher who had not known the petitioner for five years continuously immediately preceding the filing of the petition was disqualified, though he had known the petitioner for such period at the time of the hearing.

2. SAME —WITNESSES—DISQUALIFICATION.

Such witness was also disqualified as a witness at the final hearing, even though the petition was supported by qualified vouchers under Act June 29, 1906, c. 3592, § 4, subd. 4, 34 Stat. 598 [U. S. Comp. St. Supp. 1907, p. 422], providing that it shall be made to appear to the satisfaction of the court admitting the alien to citizenship that immediately preceding the date of the application he had resided continuously within the United States; the date of the application being fixed by subdivision 2, par. 3, 34 Stat. 597 [U. S. Comp. St. Supp. 1907, p. 421], as the date of filing the same.

On Petitions for Naturalization.

Wm. S. Gregg, Sp. U. S. Atty.

HOLLAND, District Judge. Edward Welsh—Petition No. 775. This petition was filed on September 25, 1907, and at the hearing on January 14, 1908, Edward Goldman, who made affidavit to the petition at the time it was filed, failed to show he had known the petitioner to be a resident of the United States for five years continuously immediately preceding the date of filing, as the law specifically requires.

Armin Rosenberg—Petition No. 155. This petition was filed on October 25, 1906, and was called for hearing on February 24, 1908. It appeared from the examination of the United States attorney that both of the witnesses who signed the petition had only known the applicant personally for a period of four years and some months prior to the date of filing, although at the date of the hearing they had known the applicant for the requisite five years. It is contended by the government that they are incompetent, that the petition is fatally defective, and that it must be dismissed, and the applicant required to file a new petition, properly verified.

Carl H. Kaufman—Petition No. 857. This petition was filed on October 25, 1907, and was called for hearing on February 24, 1908, when it developed under cross-examination that Walter Fehr, one of the vouchers, had only known the applicant for four years and some months. The hearing was accordingly continued, and later in the day the applicant returned with a new witness, Harry Fehr, who, upon examination, proved to be a qualified witness. The government moved for a dismissal of the petition on the ground that Walter Fehr, the original witness, was incompetent; that there could be no substitution.

Much of what is said in the Case of Santi Martorana (filed this day in the District Court), 159 Fed. 1010, applies to these applications, especially as to the necessity of strictly complying with the express provisions of the sections quoted as to the qualification of vouchers to the petition and the right to amend. In the case, however, of Armin Rosenberg the vouchers, while not acquainted with the applicant five years before filing the petition, had known him the required five years before the final hearing, and claimed to be competent witnesses; but paragraph 3 of subdivision 2 of section 4 (Act June 29, 1906, c. 3592, 34 Stat. 597 [U. S. Comp. St. Supp. 1907, p. 421]) requires that the vouchers (except as provided in section 10) must be

able to state that "they have personally known the applicant to be a resident of the United States for a period of five years continuously * * * immediately preceding the date of the filing of his petition." He was, therefore, disqualified as a voucher, and the final hearing could not be had. He was also disqualified as a witness at the final hearing, even if the petition had been supported by qualified vouchers, because the fourth subdivision requires that "it shall be made to appear to the satisfaction of the court admitting the alien to citizenship that immediately preceding the date of the application he has resided continuously within the United States five years," etc., and the date of the application under paragraph 3 of subdivision 2 of section 4 is impliedly fixed at the time of filing the same; but, as was held in the Martorana Case, all these petitions can be amended, and in each case the applicant will be given leave to amend, and have the same reposted, as required by law, before final hearing.